UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICROSOFT CORPORATION**,<br>Plaintiff,<br>v.<br>**A&S ELECTRONICS, INC.,** *ET AL.*,<br>Defendants. | Case No.  15-cv-03570-YGR<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>**DKT. NO. 67** |

The parties submitted their joint discovery letter on August 30, 2016, seeking resolution of a dispute concerning the scope of discovery authorized by the Court in connection with the parties' cross-motions for summary judgment on the issue of whether the initial transfer of the two software product keys alleged in the Third Amended Complaint ("TAC") was license, not a sale for purposes of the first sale doctrine.  The Court reviewed the dispute and exhibits, and conducted a phone conference with counsel on September 1, 2016.

As a general matter, and based upon the limited early summary judgment motions authorized by the Court on the issue of whether the software at issue in this action was obtained by the initial holder under a license or a sale for purposes of the first sale doctrine, the Court **ORDERS** that discovery at this phase of the case is limited to Defendants' purchase and/or acquisition of the two particular products alleged in the TAC at paragraphs 19-29, 30-36, and Exhibits 9 and 11.

(1) Microsoft has agreed to limit its requests stated in its Rule 30(b)(6) Deposition notice, request for production of documents, and interrogatories to these two transactions, and the Court so orders.  Thus, for example, in the Rule 30(b)(6) deposition notice, Topics 1 and 2 are appropriate to the extent they are limited to A&S's purchase of the product key/software, while Topics 3-19 are overbroad and not authorized at this point in the case to the extent they inquire about the stated subjects beyond the two specific transactions and identified product keys as alleged in the TAC.

(2) With respect to the subpoena directed to **FBT/Flashback Technologies**, the deposition may proceed as to Topics 1, 2, 4, 5, 6, 7, 12, and 13.  The deposition with respect to Topics 3, 8, 9, 10, and 11 is limited to such topics to the extent they pertain to the purchase and/or acquisition, sale and/or distribution of the "Microsoft Office 2013 Professional Plus 32/64-Bit Promo Full Version DVD with Product Key" alleged in Paragraphs 19-29 and Exhibit 9 of the TAC, specifically key card 9NR4X-RW376-B7FG9-HDFKT-BPXKQ ("Product Key 1").  Likewise, the document requests may proceed as to Requests 1, 2, 4, 5, 6, 7, 12 and 13, but are permitted with respect to Requests 3, 8, 9, 10, and 11 only to the extent they pertain to Product Key 1.

(3) With respect to the subpoena directed to **Jon Cossin,** the deposition inquiry is limited to the purchase and/or acquisition, sale and/or distribution of Product Key 1.  The document requests may proceed as to Requests 1, 2, 4, 5, 6, 7, 12, and 13, but are permitted with respect to Requests 3, 8, 9, 10, 11, 14, 15, and 16 only to the extent they pertain to Product Key 1.

(4) With respect to the subpoena directed to **FBT/Flashback Technologies World Trading Inc.,** the deposition may proceed as to Topics 1, 2, 4, 5, 6, 7, 12, and 13.  The deposition with respect to Topics 3, 8, 9, 10, and 11 is limited to such topics to the extent they pertain to the purchase and/or acquisition, sale and/or distribution of the "Microsoft Office Professional 2010 Product Key" alleged in Paragraphs 30-36 and Exhibit 11 of the TAC, product key 2KMPF-7CYYW-6WQRR-Q6QJM-BQ8H3 ("Product Key 2").  Likewise, the document requests may proceed as to Requests 1, 2, 4, 5, 6, 7, 12 and 13, but are permitted with respect to Requests 3, 8, 9, 10, and 11 only to the extent they pertain to Product Key 2.

Therefore, the Court **ORDERS** that discovery is limited as set forth above.  This order is without prejudice to any party seeking such discovery later in the case, after the initial summary judgment on the license issue has been decided.

**IT IS SO ORDERED.**

Dated: September 1, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**