UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

**MICROSOFT CORPORATION**,

Plaintiff,

v.

**A&S ELECTRONICS, INC., *ET AL.***,

Defendants.

Case No. 15-cv-03570-YGR

**ORDER DENYING ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENT; DIRECTING PARTIES TO REVIEW SEALING RULES AND SUPPLEMENT MOTIONS TO SEAL**

Dkt. No. 103

Plaintiff Microsoft Corporation filed a version of its Supporting Statement in Support of Cross-Motion for Summary Judgment at Docket No. 94 in this matter. That document was subsequently locked at Microsoft's request as filed in error. Microsoft then filed a redacted version of the document at Docket No. 102.

The motion (Dkt. No. 103) to remove Docket No. 94 is **DENIED**. The document is and shall remain locked on the docket due to the filing error.

The correct way to cure this filing error was to make an administrative motion to seal the unredacted version of the separate statement, so that both a redacted/public version and a complete, unredacted version of the separate statement are part of the Court's records. Microsoft is **ORDERED** to cure this error by filing a properly supported Motion to Seal no later than **October 28, 2016**.

The Court further notes that Microsoft's administrative motion to seal in filed in connection with its pending motions for summary judgment (Dkt. No. 80) failed to provide sufficient support for sealing all the materials sought to be sealed. Likewise, the administrative

motion to seal filed by A&S Electronics (for information designated by both Microsoft and A&S) failed to provide sufficient support. (Dkt. No. 96.)

The Civil Local Rules require that a motion to seal include:

> A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable. *Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.*

Civ. L.R. 79-5 d(1)(A) (emphasis supplied). The Rules go on to provide that, if a party submits a document for filing under seal that was designated as confidential by the opposing party, the designating party must file a declaration in establishing that the document should be filed under seal within four days of the filing of the Administrative Motion to File Under Seal. Civ. L.R. 79-5(e)(1). Here, non-moving designating parties failed to file declarations within four days and the declarations submitted with the moving papers are inadequate. In either situation, the declarations must provide a basis for sealing that meets that standard applicable to the underlying motion, in this case the higher "compelling reasons" standard applicable to motions for summary judgment.

Therefore, each attorney for each party is **ORDERED** to submit a declaration indicating that they have reviewed and understand the Civil Local Rule 79-5. Further, each party shall submit any supporting declarations necessary to meet the standard for sealing any documents they have designated for sealing in connection with the pending motions to seal. These supplementary materials are due no later than **October 28, 2016**. Failure to provide sufficient support of sealing will result in denial of the motion to seal.

This terminates Docket No. 103.

**IT IS SO ORDERED.**

Dated: October 26, 2016

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**