United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICROSOFT CORPORATION**, <br> Plaintiff, <br> v. <br> **A&S ELECTRONICS, INC.,** *ET AL.*, <br> Defendants. | Case No. 15-cv-03570-YGR <br><br> **ORDER DENYING MICROSOFT'S REQUEST TO COMPEL FURTHER RESPONSES** <br><br> Dkt. No. 127 |

The parties submitted their joint discovery letter on July 28, 2017, seeking resolution of Microsoft's request to compel defendants to produce further responses to its Interrogatory Nos. 3, 6-7, and 9-1, and Requests for Production Nos. 3-20, to include information regarding defendants' acquisition and sale of Microsoft products for the past five years. The Court **DENIES** the request to compel further information for the reasons stated herein.

**I.    APPLICABLE STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure was amended effective December 1, 2015. Rule 26 requires that the scope of permissible discovery be limited to any non-privileged matter that is:

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P 26(b)(1). The Northern District of California has approved Guidelines for the

Discovery of Electronically Stored Information, revised to comport with amended Rule 26.[1] Though specifically directed to electronically stored information (ESI), the principles stated therein apply to civil discovery generally. Those Guidelines provide, in part:

> At all times, the discovery of ESI should be handled by the parties consistently with Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding."
>
> \*\*\*
>
> To assure reasonableness and proportionality in discovery, parties should consider factors that include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. To further the application of the proportionality standard, discovery requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

(Guidelines 1.01, 1.03.) In conjunction with the Guidelines, the Northern District approved and published a checklist related to discovery considerations, including proportionality, advising parties to consider:

- The amount and nature of the claims being made by either party.
- The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- The likely benefit of the proposed discovery.
- Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.
- Limits on the scope of preservation or other cost-saving measures.
- Whether there is relevant [information] that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.

**II.  RULING ON INSTANT DISPUTE**

The Court finds that the request here is not proportional to the needs of the case, considering the allegations of the pleadings, the scope of the case as litigated to date, and the relative resources of the parties. Microsoft failed to address the proportionality concerns raised by defendants, and why expanding the scope of the discovery so far beyond the scope of the litigation

---

[1] *See* https://www.cand.uscourts.gov/eDiscoveryGuidelines.

thus far would yield relevant information of importance to resolving the allegations of the operative pleadings.

Microsoft's operative complaint is limited to two products sold by defendants. Microsoft narrowed its complaint for copyright and trademark infringement to these two sales in response to motions to dismiss. (*See* Dkt. No. 45, TAC, at ¶ 2 ["These claims arise from Defendants' distribution of a product activation key label for Microsoft Office 2013 and a product activation key card for Microsoft Office 2010, each bearing multiple counterfeit Microsoft trademarks."]; *see also* Dkt. Nos. 23, 24 [FAC and SAC].) In a prior discovery dispute related to Microsoft's motion for summary judgment, the Court limited discovery to the purchase of the two particular products alleged in the TAC. (Dkt. No. 70.) In that motion for summary judgment, Microsoft failed to prevail on its argument that the software sold by A&S was not subject to a "first sale" defense to the copyright infringement claim. Given the limitations of the pleadings and Microsoft's failure to establish thus far that the two exemplar purchases were not mere licensing agreements, Microsoft has not established a basis for expanding discovery in this litigation beyond the scope of the current pleadings. Further, taking into account defendants' representation that the company has gone out of business and has no inventory of Microsoft products for sale, the relative burdens, benefits, and importance all weigh against compelling the broad scope of discovery sought by Microsoft. Consequently, the request is **DENIED**.

This terminates Docket No. 127.

**IT IS SO ORDERED.**

Dated: August 3, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**